# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD T. WILLIAMSON, SR., )<br>                      Petitioner, )<br>                           )<br>   vs.                       )<br>                           )<br>ORLANDO HARPER, *Allegheny County* )<br>*Jail (ACJ) Warden*; ACJ,          )<br>                   Respondents. ) | Civil Action No. 14-440<br><br>Judge Mark R. Hornak/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice for failure to comply with the Order to Show Cause entered by this Court on July 3, 2014. ECF No. 16.

**II. REPORT**

Leonard T. Williamson, Sr. ("Petitioner") has filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). After some intervening proceedings regarding the payment of the filing fee, the Petition was formally filed on May 15, 2014. In the Petition, Petitioner challenged the fact that the Allegheny County Jail refused to obey an order of the Court of Common Pleas of Allegheny County to release Petitioner to alternative housing. The Petition was served and on July 1, 2014, the Respondents filed a Motion to Dismiss in which they asserted two defenses. ECF No. 13. The first defense was that Petitioner did not exhaust his state court remedies because he did not appeal the Common Pleas Court order directing that Petitioner be released. The second defense was that

the Court of Common Pleas apparently lifted a detainer that had prevented Petitioner's release from the Allegheny County Jail and that Petitioner's claim is now moot. ECF No. 13 at 9. We note that the Respondents did not attach an affidavit from any jail official, indicating that Petitioner had been released. However, a call made to the Allegheny County Jail confirmed that Petitioner was released from the Jail on June 28, 2014, the day after the Court of Common Pleas of Allegheny County issued its order lifting the detainer.[1]

Despite having been released, Petitioner did not file a change of address with this Court, which we take to be an apparent sign of his lack of resolve to pursue this matter any further in this Court since he has obtained that which he desired to obtain by means of this Petition, namely, release from the Allegheny County Jail. Consequently, on July 3, 2014, the Court issued an Order to Show Cause on Petitioner as to why this case should not be dismissed for failure to prosecute or because the case became moot upon Petitioner's release. The Response to the Show Cause Order was due on July 21, 2014.

On July 14, 2014, the envelope containing the Order to Show Cause was returned to the Court with a notation that Petitioner was released on June 28, 2014. As of this day, Petitioner has still not filed a response to the Order to Show Cause.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998)

---

[1] On July 2, 2014, the Court received from Petitioner, a "Motion to Show Cause why Respondent Should not Be Held in Contempt of Court Orders." The Motion was signed on June 27, 2014, ECF No. 14 at 3, i.e., the day before Petitioner was released.

2

("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[2] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

---

[2] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

This Court now applies the six Poulis factors to the matter at issue.

(1) The extent of the party's personal responsibility.

Petitioner is proceeding in this matter *pro se*. The responsibility for his failure to respond to the orders in question and/or to keep the Court informed of his current address is Petitioner's alone.

(2) Prejudice to the adversary.

There is no indication that Respondents have been prejudiced by Petitioner's failures.

(3) A history of dilatoriness.

Petitioner has failed to obey court orders and failed to keep the Court informed of his current address. Petitioner's failures are sufficient evidence, in this Court's view, to indicate that he does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Petitioner's failures were the result of any "excusable neglect," Poulis, *supra*.

(5) Alternative sanctions.

Petitioner is proceeding *pro se* and has not responded to the Court's orders and has not kept the Court informed of his current address. It is not clear that any sanction other than dismissal will properly redress Petitioner's conduct.

(6) Meritoriousness of Petitioner's case.

Absent the ability to communicate with Petitioner, which cannot be accomplished without his current address, even a meritorious claim cannot proceed.

In light of the foregoing, we find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Petitioner's case be dismissed with prejudice for his

failures to comply with the orders of this Court and for failing to keep the Court informed of his current address.

## III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Petitioner's case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.


Date:   August 5, 2014                                          s/Maureen P. Kelly
                                                                MAUREEN P. KELLY
                                                                UNITED STATES MAGISTRATE JUDGE



cc:     The Honorable Mark R. Hornak
        United States District Judge

        Leonard T. Williamson, Sr.
        13951
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA 15219-3100

        All counsel of record via CM/ECF